UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POOJAN NO LAST NAME,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-04830-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

## I. INTRODUCTION

Poojan No Last Name ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 7.) Because Respondents failed to timely respond to the Petition, after being ordered to do so twice, the Petition is granted and Respondents are directed to immediately release Petitioner from ICE custody.

## II. PROCEDURAL HISTORY

Petitioner filed the present Petition on August 24, 2026. (Dkt. 1.) The Petition raises the following claims:

Ground 1: Petitioner's detention violates his substantive due process rights because Petitioner is not a flight risk or a danger to the community. (Id. at 20-21, ¶¶ 97-101.)

Ground 2: Petitioner's detention violates his procedural due process rights because he was not provided with a pre-deprivation hearing or notice of parole revocation. (Id. at 21-22, ¶¶ 102-106.)

Ground 3: Petitioner's detention violates the Immigration and Nationality Act ("INA") because he has been unlawfully classified as an "applicant for admission" under 8 U.S.C. § 1225(b). (Id. at 22, ¶¶ 107-22.)

Ground 4: Petitioner's arrest violated 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3, 287.8 because Respondents arrested and re-detained Petitioner without any material change in circumstances that could justify his renewed detention. (Id. at 22-23, ¶¶ 113-16.)

The Petition seeks the following relief: (a) release from custody and an injunction preventing his re-detention without a pre-deprivation bond hearing, or alternatively, (b) an order requiring Respondents to give Petitioner a bond hearing in immigration court within seven days. (Id. at 23.)

Respondents' Answer to the Petition was due by September 1, 2026. (Dkt. 5.) None was filed. On September 3, 2026, the Court ordered Respondents to answer the Petition by September 4, 2026 and warned, "If Respondents fail to do so, the Court may grant the Petition as unopposed." (Dkt. 8.) As of the date of this Order, Respondents have not responded to that order or answered the Petition.

//

//

//

## III. CONCLUSION

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. The Petition is granted.
2. Respondents shall **immediately release** Poojan No Last Name (A# 240-835-072) from custody.
3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
4. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[1]

DATED: September 8, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).